20972.   BANKS *v.* THE STATE.

DECIDED DECEMBER 18, 1930.

*J. W. Culpepper,* for plaintiff in error.

*E. M. Owen, solicitor-general,* contra.

LUKE, J. Jeff Banks was convicted of manufacturing intoxicating liquor. His exception here is to the judgment overruling his motion for a new trial containing the general grounds and one special ground complaining of the charge of the court.

It appears from the record that at about nine o'clock one morning sheriff Adams and several other officers saw the defendant and three other persons at a very large still in Fayette county. Sheriff Adams testified: "Before we let them know we were coming . . I saw them at the still. Those darkies were cleaning out a pipe, and Mr. Banks was working at the doubling-keg. He was moving in and out about the distillery at different places. A doubling-keg is a part of the still outfit—a necessary part. The other three men . . looked like they were cleaning out a pipe. Mr. Banks had overalls and a shirt, working clothes. There was a gallon or a gallon and a half of whisky in a washtub under the worm, and sixteen gallons, I think it was, up on the hill about 150 yards from the still. . . It was intoxicating liquor. The beer at the still was ready to run. It was intoxicating. It was in five vats and nine barrels. There must have been at least two thousand or twenty-five hundred gallons of beer. The defendant said something about, 'You caught us,' or something like that. . . It looked like Mr. Banks was doing something to the doubler. . . He was fooling around the doubling-keg—he was working at it. . . I don't know what he was doing. He couldn't get the liquor without a doubling-keg; it is one of the main things to make liquor."

The defendant, in his statement at the trial, said that he was not guilty; that "a white man and a negro had a still;" that the white man owed defendant $2.60 for gasoline and oil, and that he went over to get it; that he was at the still, but that he did not know "the doubling-keg from the steam pipe, or the worm from the worm-box;" and that he was merely fixing to get a drink of beer when the officers came up.

Sheriff Adams, recalled for the State, testified: "When we went to tear up the still the statement was made, 'the thing is hot;' and we wanted a man to shoot it, . . and Mr. Banks said he

would show us how to let the steam out of it." The sheriff's testimony was corroborated by that of the other witnesses.

We are satisfied that the evidence supports the verdict, and hold that the court did not err in overruling the general grounds of the motion for a new trial.

The only special ground complains of the following charge of the court: "If there was in this county about that time a distillery in operation at which there was being made, manufactured, or distilled any intoxicating beer or wines or whiskies, you must believe and find that this defendant was interested in the enterprise, or did some act connected with the operation of it which was necessary and essential to the making, manufacturing, and distillation of said liquor, wines, or beer." Counsel for the plaintiff in error insists that the foregoing excerpt "instructed the jury that the defendant was guilty of operating a distillery if one was found in the whole county about the time alleged in the indictment, regardless of whether he was present or not, or had any interest therein," and that "its effect was to direct a verdict against movant." The charge is not subject to this criticism; and this is clearly apparent when the charge is considered in its entirety. For instance, in immediate connection with the excerpt under consideration, the court charged the jury: "His mere presence there, if that is all he did, however much you might think that it was unworthy and not to be commended, would not authorize his conviction of the violation of the law. But, to be guilty, he must either have been interested in the enterprise, or must have been at work doing some act essential and necessary to the accomplishment, to the unlawful purpose of making, manufacturing, and distilling those intoxicating liquors, wines, or beers mentioned in the statute."

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*